## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter "**Agreement**") is made and entered into by and between, on the one hand, Mateo Hernandez (hereinafter "**Plaintiff**"), and on the other, Blugeot LLC d/b/a Brucie Restaurant and Zahra Tangorra, (hereinafter "**Defendants**") (who together with Plaintiff are hereinafter the "**Parties**").

**WHEREAS**, Plaintiff was employed by Defendants as a line cook from approximately and allegedly June 2010 until May 2015; and

**WHEREAS**, certain disputes have arisen between Plaintiff and Defendants regarding allegations by Plaintiff that, *inter alia*, he was not paid overtime for all hours worked in excess of 40 per week and did not receive spread of hours pay for days in which he worked at least 10 hours, as alleged in the Complaint dated June 23, 2015 with Case No. 1:15-cv-03665-SJ-VMS filed in the Eastern District of New York; and

**WHEREAS**, Defendants denied and continue to deny liability with respect to any allegations brought by Plaintiff; and

**WHEREAS**, the Parties have agreed to compromise and settle all disputes and claims between them and desire to formalize the terms of their resolution in this Agreement;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties agree as follows:

1.      Settlement Payments and Additional Consideration.  Plaintiff acknowledges and agrees that he will not be entitled to any past compensation or benefits from Defendants, except as expressly provided for in this Agreement, and Plaintiff specifically waives and foregoes all rights to any past compensation or benefits from Defendants that are not expressly provided to them in this Agreement to the maximum extent allowing by law. Without admitting any liability or fault, and solely for the purpose of avoiding the expense, distraction and risks of possible or continued litigation, Defendants agree to pay Plaintiff and his counsel the total sum of FIVE THOUSAND DOLLARS ($5,000.00) (the "Settlement Sum").  The payment shall be made as follows:

1.1     Defendants shall make payments in accordance with the following schedule:

(a)      Within ten (10) days after approval of the settlement by the Court and no sooner than March 1, 2016, Defendants shall mail one check to Pechman Law Group PLLC, 488 Madison Avenue, 11th Floor, New York, NY 10022, made payable to Mateo Hernandez, in the gross amount of $3,333.34, for which an IRS Form 1099 will be issued;

(b)      Within ten (10) days after approval of the settlement by the Court and no sooner than March 1, 2016, Defendants shall mail one check to Pechman Law Group PLLC, 488 Madison Avenue, 11th Floor, New York, NY 10022, made payable to Pechman Law Group PLLC, in the amount of $1,666.66, for which an IRS Form 1099 will be issued to Pechman Law Group, PLLC, representing attorneys' fees, costs, and expenses.

1

1.2     In the event that Defendants fail to make timely payment pursuant to the schedule in subparagraphs (a) and (b) above, Plaintiff shall have the right to enforce the payment obligations in this Agreement.  In addition, Defendants shall be liable to Plaintiff for his reasonable attorneys' fees in regard to the enforcement of the Agreement and the collection of monies due thereafter.

2.      Procedures.  Upon execution of the Agreement, Plaintiff shall file the appropriate papers in accordance with the "Status Report Order; Scheduling Order" issued by Magistrate Judge Vera M. Scanlon dated Jan. 22, 2016.

3.      Release by Plaintiff.  In consideration of the promises made by Defendants as set forth in this Agreement and other good and valuable consideration, and upon complete payment as described in Section 1, Plaintiff hereby irrevocably releases with prejudice forever all claims as asserted in the wage and hour complaint against Defendants, including any related wage claims under the Fair Labor Standards Act and the Labor Law of New York.

4.      Future Claims.  This Agreement does not waive or release any rights or claims that the Parties may have that arise after the date that they sign this Agreement.

5.      Representations of the Parties.  Plaintiff and Defendants each represent and warrant that:

    (a)     They have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms herein set forth, and the person executing this Agreement is the authorized agent for purposes of executing this Agreement;

    (b)     The execution of this Agreement does not put any party hereto in violation of any agreements to which it or they are a party; and

    (c)     This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

6.      Representations by the Parties.  The Parties each represent and warrant that:

    (a)     They have had the opportunity to review this Agreement before signing it;

    (b)     They have been advised them in writing of their right to consult an attorney or advisor of their choice prior to signing the Agreement;

    (c)     They have consulted with their attorney regarding the content and effect of this Agreement;

    (d)     They were given a reasonable period of time within which to consider this Agreement before signing the Agreement;

2

(e)     They entered into and signed this Agreement knowingly and voluntarily and they fully understands the effect hereof; and

(f)     No litigation, arbitration, or other proceedings have been filed by or on behalf of Plaintiff against Defendants, and no litigation, arbitration or other proceeding is pending by or on behalf of Defendants against Plaintiff or her counsel.

7.     No Admission of Liability.  It is understood and agreed by the Parties that neither this Agreement nor the payment and the other consideration referenced herein and in Section 1 are to be interpreted as any admission of any fault or liability on the part of the Released Parties with respect to the claims and Complaint described above. The Released Parties expressly deny any improper or illegal actions and any liability.

8.     Governing Law.  This Agreement shall be construed in accordance with, and governed by, the laws of the State of New York.

9.     Retention of Jurisdiction.  The United States District Court for the Eastern District of New York shall retain jurisdiction over this matter for the purposes of enforcing the Parties' settlement agreement, if necessary.

10.     Entire Agreement.  This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior agreement, representations or understandings between the Parties hereto pertaining to the subject matter hereof.  This Agreement cannot be modified except by a writing signed by all Parties hereto.

11.     Severability.  If, at any time after the execution of this Agreement, any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect. The illegality or unenforceability of such provision, however, shall have no effect upon, and shall not impair the enforceability or, any other provision of this Agreement, provided, however, that if a court of competent jurisdiction determines that the release as provided for in Section 3 above is illegal and/or unenforceable, Plaintiff shall be required to repay to the Company all amounts paid to him and his counsel under this Agreement.

12.     Counterpart Signatures.  This Agreement may be executed in multiple counterparts and by facsimile or PDF signatures, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement.

3

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and General Release on the dates shown below.

Date: 2/12/16 , 2016

_MATEO Hernondez Ramirez_
Mateo Hernandez, Plaintiff

Date: 2/16/2016 , 2016

_____
Blugeot LLC d/b/a Brucie's Restaurant, Defendant

Date: 2/16/226 , 2016

_____
Zahra Tangolra, Defendant